**Rigoberto REYES–ESPITIA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74590.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice Civil Div. Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Rigoberto Reyes–Espitia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision finding him ineligible for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

■ Reyes–Espitia's contention that a conviction under California Health & Safety Code § 11360(a) does not categorically constitute a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II) is foreclosed by *Mielewczyk v. Holder,* 575 F.3d 992, 997–98 & n. 1 (9th Cir.2009) (removability based on conviction under a law relating to a controlled substance does not turn on whether the law includes solicitation offenses); *see also Hernandez–Aguilar v. Holder,* 594 F.3d 1069 (9th Cir. 2010) (applying same conclusion to 8 U.S.C. § 1182(a)(2)(A)(i)(II)).

■ We lack jurisdiction to consider Reyes–Espitia's contention regarding the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Federal First Offender Act, 18 U.S.C. § 3607, because he failed to exhaust this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**